**NOT FOR PUBLICATION WITHOUT THE APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5735-17T1

STATE OF NEW JERSEY,

Plaintiff-Respondent,

v.

NICHOLAS M. BARONE,

Defendant-Appellant.

---

Submitted October 30, 2019 – Decided January 14, 2020

Before Judges Whipple and Mawla.

On appeal from the Superior Court of New Jersey, Law Division, Ocean County, Indictment Nos. 10-03-0542, 10-12-2127, and 11-04-0710.

Joseph E. Krakora, Public Defender, attorney for appellant (Monique D. Moyse, Designated Counsel, on the briefs).

Bradley D. Billhimer, Ocean County Prosecutor, attorney for respondent (Samuel J. Marzarella, Chief Appellate Attorney, of counsel; Shiraz I. Deen, Assistant Prosecutor, on the brief).

PER CURIAM

Defendant Nicholas M. Barone appeals from a February 7, 2018 order denying his petition for post-conviction relief (PCR) without a hearing. We have considered defendant's arguments in light of the record and applicable law. We affirm.

Defendant raises the following issues on appeal.

> POINT I: MR. BARONE IS ENTITLED TO RELIEF ON HIS CLAIM THAT HIS ATTORNEY RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL BY FAILING TO ADVOCATE ADEQUATELY AT SENTENCING.
>
> POINT 2: THIS MATTER MUST BE REMANDED FOR FINDINGS OF FACT AND CONCLUSIONS OF LAW ON MR. BARONE'S PRO SE CLAIMS.

Within thirteen months between March 30, 2010 and April 19, 2011, defendant was indicted three separate times for various charges including third-degree possession of a controlled dangerous substance (CDS), N.J.S.A. 2C:35-10(a)(1); first-degree possession of a CDS with intent to distribute, N.J.S.A. 2C:35-5(a)(1) and N.J.S.A. 2C:35-5(b)(6); second-degree possession of a CDS with intent to distribute, N.J.S.A. 2C:35-5(a)(1) and 2C:35-5(b)(2); second-degree possession of both a knife and handgun while engaged in drug activity, N.J.S.A. 2C:39-4.1(c) and N.J.S.A. 2C:39-4.1(a); fourth-degree unlawful possession of a knife, N.J.S.A. 2C: 39-5(d); second-degree eluding, N.J.S.A.

2C:29-2(b); third-degree resisting arrest, N.J.S.A. 2C:29-2(a)(3); and second-degree possession of a handgun by a convicted person, N.J.S.A. 2C:39-7(b), (certain persons). Defendant moved unsuccessfully to suppress evidence retrieved from his person after a pat-down search incident to his arrest.

On February 26, 2013, defendant pled guilty to first-degree possession of CDS with intent to distribute, second-degree eluding, second-degree possession of CDS with intent to distribute, second-degree possession of a firearm while engaged in drug activity and second-degree certain persons. In exchange for the plea, the State agreed to dismiss the remaining counts of the indictments and would ask for a term of fifty years with a twenty-five-year period of parole ineligibility. Defendant reserved the right to ask for thirty years in state prison with a fifteen-year parole ineligibility.

On May 3, 2013, the court found aggravating factors three, six, and nine, and no mitigating factors and sentenced defendant to an aggregate thirty years with fifteen years of parole ineligibility.

On July 25, 2013, defendant appealed the denial of his suppression motion. On June 16, 2015, we denied that appeal and affirmed his sentence. State v. Barone, No. A-5630-12 (App. Div. June 16, 2015) (slip op. at 1-5).

On February 27, 2017, defendant filed a petition for PCR and on February 7, 2018, the PCR court denied defendant's petition by written decision without an evidentiary hearing. This appeal followed.

On appeal defendant contends the PCR court erred in finding his attorney did not render ineffective assistance because his attorney failed to advocate for a lower sentence and mitigating factor eleven. Defendant also asserts that the matter must be remanded because the PCR court failed to make findings of fact and conclusions of law as to his pro se claims. We disagree.

Defendant's claim of counsel ineffectiveness for failing to present additional mitigating factor eleven is no more than an excessive sentencing argument cloaked in "ineffective assistance of counsel" language. Such excessive sentencing claims, however, are not cognizable on PCR review. Pressler & Verniero, Current N.J. Court Rules, cmt. 3 on R. 3:22-2 (2020); State v. Acevedo, 205 N.J. 40, 45-46 (2011). It is also procedurally barred in this matter under Rule 3:22-5 as either previously raised and decided, or capable of having been so raised pursuant to Rule 3:22-4.

We are also not persuaded by defendant's additional assertions he is entitled to a hearing. The only assertion of ineffective assistance of counsel raised in defendant's pro se PCR petition was that his counsel did not call a

witness, at his suppression hearing and did not advise him of the imposition of an "ordinary term of imprisonment." To establish a claim for ineffective assistance of counsel, a defendant must satisfy a two-part test: 1) defendant must show that his attorney's performance was deficient; and 2) the "deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984); see also State v. Fritz, 105 N.J. 42, 49-53 (1987) (adopting the standard in Strickland). In order to satisfy this burden, the defendant "must do more than make bald assertions that he [or she] was denied the effective assistance of counsel. He [or she] must allege facts sufficient to demonstrate counsel's alleged substandard performance." State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999).

PCR petitions must be "accompanied by an affidavit or certification by defendant, or by others, setting forth with particularity," State v. Jones, 219 N.J. 298, 312 (2014), "facts sufficient to demonstrate counsel's alleged substandard performance," ibid. (quoting State v. Porter, 216 N.J. 343, 355 (2013) (citation omitted)). When a defendant asserts that his or her counsel failed to call exculpatory witnesses, "he [or she] must assert the facts that would have been revealed, 'supported by affidavits or certifications based upon the personal knowledge of the affiant or the person making the certification.'" State v.

Petrozelli, 351 N.J. Super. 14, 23 (App. Div. 2002) (quoting State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999)). Here, all of the purported factual allegations supporting defendant's claim, that trial counsel's performance was deficient, are untethered to any competent evidence and therefore, defendant has failed to demonstrate he received ineffective assistance.

Defendant's other arguments are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION